In the Matter of the Application of the PEOPLE OF THE STATE OF NEW YORK, by FRANCIS R. STODDARD, JR., as Superintendent of Insurance, for an Order to Take Possession of the Property and Assets of THE CITY EQUITABLE FIRE INSURANCE COMPANY, LTD., of LONDON, ENGLAND.

CARPINTER & BAKER, Appellant, v. CITY EQUITABLE FIRE INSURANCE COMPANY, LTD., OF LONDON, ENGLAND, Defendant.

In the Matter of the Application of H. C. BURGESS, as Senior Official Receiver, Respondent.

In the Matter of the Application of FRANCIS R. STODDARD, JR., as Superintendent of Insurance of the State of New York, Respondent. (Actions Nos. 1 and 2.)

Corporations — insurance companies — insolvency — debtor and creditor — creditor may acquire lien upon property within this State of insolvent foreign corporation superior to rights of liquidator appointed by foreign court — Superintendent of Insurance takes possession of assets of foreign insurance company for interest of all its policyholders, creditors and stockholders as an ancillary receiver — surplus in his hands after administration of his trust must be transmitted to officer at corporation's domicile having control of winding up of dissolution — no lien by attachment may be acquired against surplus.

1. The orders and decrees of a foreign court appointing a liquidator of a corporation in financial difficulties have no force or effect in New York. There is no transfer by reason of such action of any property the company may have here to the liquidator nor does he acquire any lien thereon. Notwithstanding what has been done in the foreign courts any creditor properly invoking our jurisdiction may acquire a lien upon such property by attachment or by judgment superior to any rights possessed by the liquidator. Nor do we inquire whether he who has gained such a lien is or is not a citizen.

2. Under section 63 of the Insurance Law, however, where the Superintendent of Insurance has taken possession of the assets of a

foreign insurance corporation, no lien by attachment may be acquired upon these funds. He is an ancillary receiver of a foreign corporation. The Superintendent does not take possession of the property solely for the benefit of creditors or policyholders in this State or in the United States but for the interest of all its policyholders, creditors and stockholders wherever they may be.

3. When the trust confided to the Superintendent has been fully administered, any surplus remaining must by him be transmitted to the officer at the corporation's domicile having general control of the dissolution or winding up of the corporation. An order, therefore, granting a motion by a creditor of an insolvent foreign insurance company whose assets in this State had been taken possession of by the Superintendent of Insurance, for permission to commence an action against the company and to issue an attachment against its surplus assets in the hands of the Superintendent and an order denying a motion to set aside the warrant of attachment and the service of the summons and complaint were properly reversed.

*Matter of People (City Eq. Fire Ins. Co.)*, 207 App. Div. 249, 253, affirmed.

(Argued April 1, 1924; decided May 13, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 30, 1923, which reversed an order of Special Term granting leave to the appellant to commence an action against the City Equitable Fire Insurance Company Ltd., of London, England, and to issue an attachment on its property held by the State Superintendent of Insurance.

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 30, 1923, which reversed an order of Special Term denying a motion to set aside service of the summons in said action.

The following questions were certified: " 1. Is Carpinter & Baker entitled to an order granting leave to commence an action against the City Equitable Fire Insurance Company, Ltd., and to issue an attachment against the surplus of its property in the hands of the Superintendent of Insurance of the State of New York

after all claims against it and allowed in this proceeding have been paid?

" 2. Can the surplus remaining in the hands of the Superintendent of Insurance after° the payment of all claims of creditors and policyholders of the City Equitable Fire Insurance Company, Ltd., within the United States be attached by Carpinter & Baker under the facts appearing in these records?

" 3. Under the English law the property of the company in process of being wound up being trust ·property, and the English liquidator being entitled under that law to receive for such trusts any surplus in the hands of the Superintendent of Insurance, should courts of this State give effect to such trusts rather than to claims of one standing in the shoes of an unsecured creditor residing in Canada and claiming under a contract made in England? "

*David Rumsey* and *Louis J. Wolff* for appellant.   The right of the plaintiff as an attaching creditor to property of the defendant in the State of New York is superior to the right or title of the British liquidator of the defendant to such property. (*Keller* v. *Paine,* 107 N. Y. 83; *Willitts* v. *Waite,* 25 N. Y. 577; *Osgood* v. *Maguire,* 61 N. Y. 524; *Hibernia Nat. Bank* v. *Lacombe,* 84 N. Y. 367; *Warner* v. *Jaffray,* 96 N. Y. 248; *Matter of Waite,* 99 N. Y. 433; *Barth* v. *Backus,* 140 N. Y. 230; *Dearing* v. *McKinnon D. & H. Co.,* 165 N. Y. 78.)   The levy of the attachment upon the defendant's property in the possession of the Superintendent of Insurance is valid.   (*Matter of Bean* v. *Stoddard,* 207 App. Div. 276; *Dunlop* v. *Patterson F. Ins. Co.,* 74 N. Y. 145; *First Nat. Bank* v. *Dunn,* 97 N. Y. 149; *M. & M. Nat. Bank* v. *Banque Industrielle,* 205 App. Div. 543.)

*Herbert Barry* for receiver, respondent.   The first question certified to this court should be answered in the

negative. This must result in both orders of the Appellate Division being sustained. (*Forest* v. *Forest*, 25 N. Y. 501; *Cushman* v. *Brandreth*, 50 N. Y. 296; *Howell* v. *Mills*, 53 N. Y. 322; *Lawrence* v. *Farley*, 73 N. Y. 187; *Clarke* v. *Lowrie*, 82 N. Y. 580; *People* v. *Buffalo, etc., Co.*, 131 N. Y. 140; *Bassett* v. *French*, 155 N. Y. 46; *Lewin* v. *Lehigh Valley R. R. Co.*, 169 N. Y. 336; *City Trust Co.* v. *American Brewing Co.*, 182 N. Y. 285; *Matter of Winters*, 211 N. Y. 536; *People ex rel. Brooklyn Heights Railroad* v. *Connolly*, 211 N. Y. 537.) Upon the merits of the question presented the determination of the Appellate Division was sound and should be affirmed. (*Wilson* v. *Keels*, 54 S. C. 545; *Brunner* v. *York Bridge Co.*, 78 W. Va. 702.) The second question certified to this court should be answered in the negative. As a necessary sequence the dispositions made by the Appellate Division should be sustained. (*Sackett* v. *Rembaugh*, 45 Fed. Rep. 23; *Rolls* v. *Andes Ins. Co.*, 64 Va. 509; *Fiske* v. *Parke*, 77 App. Div. 422; *Thurber* v. *Blanck*, 50 N. Y. 80; *Anthony* v. *Wood*, 96 N. Y. 180; *Wulff* v. *Roseville Trust Co.*, 164 App. Div. 399; *Babcock, etc., Co.* v. *Ranous*, 164 N. Y. 440; *Providence, etc., S. S. Co.* v. *Virginia, etc., Co.*, 11 Fed. Rep. 284; *N. Am. Tr. Co.* v. *Aymar*, 33 Misc. Rep. 576; *Throop, etc., Co.* v. *Smith*, 110 N. Y. 83; *Lancashire Ins. Co.* v. *Maxwell*, 131 N. Y. 286; *McDermott* v. *Strong*, 4 Johns. Ch. 687.) The third question certified to this court should be answered in the affirmative, and as a consequence the Appellate Division properly denied the application of Carpinter & Baker which would have been denied if made by the Canadian assignors. (*Matter of Oriental I. S. Co.*, 9 Ch. App. 557; *Black & Co.'s Case*, L. R. [8 Ch.] 254; *Matter of Central Sugar Factories*, 1894 [1 Ch.] 369; Cook on Corp., § 2; *Martyne* v. *American Union Fire Ins. Co.*, 216 N. Y. 183; *Sinnott* v. *Hanan*, 214 N. Y. 454; *People* v. *Am. Loan & Trust Co.*, 172 N. Y. 371; *Wulff* v. *Roseville Trust Co.*, 164 App. Div. 399; *Mitchell* v. *Banco de Londres, etc.*, 192 App. Div. 720;

*Canada Southern Ry. Co.* v. *Gebhard,* 109 U. S. 527; *Relfe* v. *Rundle,* 103 U. S. 222; *Parsons* v. *Charter Oak, etc., Co.,* 31 Fed. Rep. 305; *Davis* v. *Life Assn. Am.,* 11 Fed. Rep. 781; *Bank of Augusta* v. *Earle,* 13 Pet. 518.) Upon principles of comity, and in order to secure equity through equality of distribution, the New York courts should recognize and enforce this trust, and should remit any creditor who is not entitled to participate in the New York proceeding to the English liquidation proceeding. The assets of the City Equitable Company being impressed with a trust for creditors under the English statute, the New York court should not lend its aid to defeat the trust, nor to create for such creditor a preference over other creditors which violates the principles and purposes of the English winding up statute. (*Matter of Empire State Surety Co.,* 214 N. Y. 553; *Hilton* v. *Guyot,* 159 U. S. 113; *Matter of Johnson,* [1903] 1 Ch. 821; *Bank of Augusta* v. *Earle,* 13 Pet. 519; *Matter of English S. & A. Bank,* [1893] 3 Ch. 385; *Matter of Comcl. Bank of S. A.,* 33 Ch. Div. 174; *Matter of Matheson Brothers,* 27 Ch. Div. 225; *Matter of Federal Bank of Australia,* [1893] 1 Weekly Notes, 46; *Martyne* v. *American Union Fire Ins. Co.,* 216 N. Y. 183; *Wulff* v. *Roseville Trust Co.,* 164 App. Div. 399; *American & Br. Mfg. Co.* v. *International Power Co.,* 173 App. Div. 319; *Hoyt* v. *Thompson's Ex.,* 19 N. Y. 207; *People* v. *Granite State Prov. Assn.,* 161 N. Y. 492; *Vanderpoel* v. *Gorman,* 140 N. Y. 562.)

*Clarence C. Fowler, Clarence W. Roberts* and *William H. Galentine* for Superintendent of Insurance of State of New York. The third question certified should be answered in the affirmative. (*Matter of Empire State Surety Co.,* 214 N. Y. 553; 216 N. Y. 273; *Security Trust Co.* v. *Dodd, Mead & Co.,* 173 U. S. 628; *Vanderpoel* v. *Gorman,* 140 N. Y. 563; *Hibernia Nat. Bank* v. *Lacombe,* 84 N. Y. 367; *Barth* v. *Backus,* 140 N. Y. 230; *Martyne* v. *American Union Fire Ins. Co.,* 216 N. Y. 183; *Wulff* v.

*Roseville Trust Co.,* 164 App. Div. 399; *Mitchell* v. *Banco de Londres,* 192 App. Div. 720.) The second question certified should be answered in the negative. (*Beers* v. *State of Arkansas,* 20 How. [U. S.] 527; *Nichols* v. *United States,* 7 Wall. 122; *Matter of Hoople,* 179 N. Y. 308; *Bliss* v. *Lawrence,* 58 N. Y. 442; *Rosenstock* v. *City of N. Y.,* 101 App. Div. 9; *Emes* v. *Fowler,* 43 Misc. Rep. 603; *Osterhaudt* v. *Stade,* 133 App. Div. 83; *Moscow Hardward* v. *Colson,* 158 Fed. Rep. 199; *Lewis* v. *State,* 96 N. Y. 71.) The first question certified should be answered in the negative. (*Wulff* v. *Roseville Trust Co.,* 164 App. Div. 399; *Relfe* v. *Rundle,* 103 U. S. 222; *Hitch* v. *Hawley,* 132 N. Y. 212; *Rinn* v. *Astor F. Ins. Co.,* 59 N. Y. 143.)

Andrews, J. The City Equitable Fire Insurance Company, Limited, is an English corporation. In February, 1922, it was in financial difficulties. Accordingly, proceedings to wind up its affairs were instituted in England under the " Companies Act," and an official liquidator was appointed who is still engaged in the performance of his duty. The corporation was not thereby dissolved but the liquidator took possession of its assets in trust for the benefit of the persons interested. The orders and decrees of the foreign court have no force or effect in New York. There is no transfer by reason of such action of any property the company may have here to the liquidator nor does he acquire any lien thereon. Notwithstanding what has been done in the English courts any creditor properly invoking our jurisdiction may acquire a lien upon such property by attachment or by judgment superior to any rights possessed by the English liquidator. (*Matter of Waite,* 99 N. Y. 433.) We do not inquire whether he who has gained such a lien is or is not a citizen. (*Barth* v. *Backus,* 140 N. Y. 230.) In the case before us, however, we have ourselves acted.

The Equitable corporation was not engaged in business

solely in London. Wishing to sell fire insurance in New York it applied for permission to do so and as a condition it made a deposit of securities with our State Superintendent of Insurance and placed in the possession of a trustee funds and securities for the purpose of paying all legal and valid claims of its policyholders in the United States as provided by sections 27 and 28 of the Insurance Law (Cons. Laws, ch. 28). Thereupon permission was granted. Immediately after the proceedings taken in London the New York State Superintendent of Insurance made application to the court under section 63 of the same law and an order was obtained directing him forthwith to take possession of the property of the company and to retain such possession and conserve such assets until the further order of the court. The Superintendent was to ascertain and determine the valid claims, debts and demands of policyholders and creditors in the United States against the company and to pay the expenses of administration. It directed the company and all other persons having its property to transfer it to the Superintendent and it enjoined all policyholders and creditors from bringing or prosecuting any action against the company or its United States branch and from making or executing against either any levy or other legal process upon the property of the company or in any way interfering with the Superintendent in the possession, control, conservation and management of the property or in the discharge of his duty. The purpose of this section is to secure local policyholders and creditors by giving to them a first claim upon the assets that may come into the hands of the Superintendent.

He thereupon took possession of all the property of the company, including the deposit made with him, a deposit made with the Ohio Superintendent of Insurance, the fund held by the trustee and other so-called free funds resulting from the conduct of the business in this country. The total so obtained by him amounted to

$2,143,005, while the total liabilities and estimated future claims amount to $1,300,198. Most of the claims against the company seem to have been paid in full. Some are still in dispute but while the Superintendent has not yet wholly completed his duties and has made no final accounting it is not seriously questioned but that there will be in his hands when his proceedings are finally ended a large surplus.

Among the creditors of the English corporation were two Canadian insurance companies to whom an amount exceeding $140,000 is claimed to be due. In April, 1922, after the appointment of the Superintendent of Insurance as liquidator these companies assigned their claims to Carpinter & Baker, Incorporated, a domestic corporation. This latter creditor made an application at Special Term for permission to begin an action against the City Equitable Fire Insurance Company and to issue an attachment against the surplus of this corporation in the hands of the Superintendent. This application was granted in April, 1923, against the opposition of the Superintendent and the English liquidator. Carpinter & Baker, Incorporated, immediately commenced an action against the company, procuring a warrant of attachment, and levied the same upon the surplus of the property of the defendant in the hands of the Superintendent in excess of the amount necessary to pay in full all claims presented to him and allowed by the court in the proceeding for the liquidation of the American branch of the defendant, and a summons and complaint were served in the action on the Superintendent as attorney for the defendant. Thereupon a motion was made by the Superintendent and by the English liquidator to set aside the warrant of attachment and the service of the summons and complaint. This motion was denied at Special Term. Both the English liquidator and the Superintendent appealed from the first order granting the motion of Carpinter & Baker, and from the second order denying

their own motion. Both orders were reversed by the Appellate Division and an appeal is now taken to this court upon permission and with various questions certified to us. The question directly involved is as to the priority of rights between Carpinter & Baker and the English liquidator. The former claim that the Special Term was justified in modifying the original injunction and authorizing them to begin an action and obtain a levy under the warrant of attachment. Consequently it was also justified in refusing to set aside the service of the summons and complaint and the warrant upon the motion of the Superintendent and the English liquidator. Having brought an action in this State and obtained a lien on the funds, the courts having jurisdiction, it has a legal right to claim priority over the foreign liquidator. On the other hand, the Superintendent and the English liquidator claim that as to this surplus which remains in the hands of the Superintendent after his proceedings are closed the claim of the liquidator has priority; that no creditor, a stranger to the liquidation proceedings, should be allowed to divert this fund for his own benefit; that it should be turned over to the English liquidator by him to be distributed *pro rata* among all the creditors and stockholders of the company.

We pass over the question as to whether any element of discretion is involved in the action of the Appellate Division. While the orders of reversal do not state that they are made purely on questions of law yet the court by its action has treated them as so made. It has granted to the defeated party leave to appeal to this court. It certified to us certain questions which it considers questions of law. Its opinion indicates that that was the view it took of the case. We should, therefore, so treat it. (*Matter of Davies*, 168 N. Y. 89.)

If so an inspection of section 63 of the Insurance Law under which the proceeding was taken indicates the intent of the Legislature. That section provides that in certain

cases the Superintendent may apply to the Supreme Court for an order directing the corporation to show cause why he should not take possession of its property and conserve its assets for the benefit of its creditors and for such other relief as the nature of the case and the interests of its policyholders, creditors, stockholders or the public may require. The Superintendent is not, therefore, to take possession of the property solely for the benefit of creditors or policyholders in this state or in the United States but for the interest of all its policyholders, creditors and stockholders wherever they may be. He is to liquidate the business here for that purpose. The section proceeds that if the court directs the Superintendent to take possession of the property and conserve the assets of the corporation his rights and duties with reference to the corporation and its assets shall be those heretofore exercised by and imposed upon ancillary receivers of foreign corporations in this State.

So far as is appropriate the proceedings are made analogous to the liquidation of a domestic corporation. What is done in such a case is well understood. The Superintendent collects the assets and after deducting expenses distributes them among policyholders, creditors and stockholders as their interests may appear, preserving equality among each class of claimants. In the case of a foreign corporation the liquidation may be but partial. The funds deposited with the Superintendent are primarily for the benefit of its policyholders in the United States. Having realized on these funds, having taken possession of all the assets of the corporation within his reach, having satisfied the claims of such policyholders and of local creditors, what is he to do with the surplus? We think the statute implies the necessary answer. He is an ancillary receiver of a foreign corporation. The very word "ancillary" means subordinate or auxiliary to the principal. (*Steele* v. *Conn. Genl. Life Ins. Co.*, 31 App. Div. 389.) He is, therefore, "to assume administration in aid

of the primary receiver." *(Low* v. *Pressed Metal Co.,* 91 Conn. 91.) If there remains a surplus in his hands after all proper charges and claims have been deducted this must be transferred to the receiver of the domicile. *(People* v. *Granite State Provident Assn.,* 161 N. Y. 492; *Irwin* v. *Granite State Provident Assn.,* 56 N. J. Eq. 244; *Southern B. & L. Assn.* v. *Miller,* 118 Fed. Rep. 369.)

Not content with this statement, however, the Legislature gives a further indication of its purpose. Primarily the Superintendent takes possession of the assets for a specific object. But secondarily in the interest of the general policyholders, creditors and stockholders. He does not dissolve the corporation and distribute its assets. Necessarily that must be done in England. To do so effectively the liquidator in that country must have possession of the assets available for division. He alone has knowledge of the total of the several classes of claims that may be presented. We have the right to assume that the English courts will act equitably. If local creditors or policyholders in whose interest the Superintendent acts had not been paid in full; if there was danger that in a foreign jurisdiction they would not receive fair treatment as to any balance that might be due them, we might transmit any funds not applicable to the preferential payment of their claims, under conditions designed to protect their interests or make such other disposition of them as we thought wise. This, however, is not such a case. Here we have the attempt of a general creditor, with no equities affecting the funds in the hands of the Superintendent, to secure a preference over other general creditors of the corporation. To permit it would not be to do equity. In England, as here, equality is equity with regard to insolvent estates. Sometimes the principle that the diligent are to be rewarded interferes with this general concept. But after the courts on the application of the Superintendent have acted, then the Legislature intended that the rule of equality first as

between local creditors and next among all others should prevail. We think that any surplus that may remain in the hands of the Superintendent must be remitted to the English liquidator. So only can the assets be conserved for the benefit of its policyholders, creditors and stockholders.

Placing our decision as we do upon the construction of section 63 of the Insurance Law, we do not examine or decide the many other questions argued before us. We hold that under that section once the Superintendent has taken possession of the assets of a foreign insurance corporation, no lien by attachment may be acquired upon these funds, and that when the trust confided to him has been fully administered any surplus remaining must be transmitted by him to the officer at the corporation's domicile having general control of the winding up or dissolution of such corporation.

The orders appealed from must be affirmed, with costs. The first and second questions certified to us should be answered in the negative and the third question in the affirmative.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur.

Orders affirmed.