FIRST RUSSIAN INSURANCE COMPANY et al., Respondents,
  *v.* JAMES A. BEHA, as Superintendent of Insurance of the State of New York, Appellant.

*Insurance corporations — seizure by foreign government of property of insurance company within its domiciliary country — discontinuance by company of business in United States — action to recover property deposited with Superintendent of Insurance for protection · of policyholders.*

*First Russian Ins. Co.* v. *Stoddard*, 212 App. Div. 841, affirmed.
(Argued February 26, 1925; decided April 7, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 15, 1925, modifying and affirming as modified a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term without a jury. The action was brought to obtain the payment and delivery, subject to suitable provision assuring the payment of any indebtedness of the plaintiff company, of $223,000 par value New York city stock belonging to the plaintiff company which had been deposited with the Superintendent of Insurance, pursuant to the provisions of the Insurance Law, for the protection of the policyholders of the company in the United States, the plaintiff company at the time of the commencement of the action having discontinued the transaction of business in the United States and having paid all its obligations to United States · policyholders and creditors with the exception of certain claims in dispute. The question was whether defendant could properly and legally surrender the property in question to the present board of directors of the plaintiff company.

*Albert Ottinger, Attorney-General (Edward G. Griffin* and *Joseph C. H. Flynn* of counsel), for appellant.

*Frederick B. Campbell* and *Paul C. Whipp* for respondents.

*Per Curiam.* The considerations which lead to a reversal in the case of *Russian Reinsurance Co.* v. *Bankers Trust Company,* decided herewith (240 N. Y. 149), are not presented by the record in this case. The continued existence of the corporation and the authority of the directors are conclusively established by the findings which have been unanimously affirmed. The defendant holds the property and is sued as an officer of the State and there is no danger of recovery against him in another jurisdiction.

POUND, J. (dissenting). I dissent. The findings must be read in the light of undisputed facts of history of which the court takes judicial notice. Obviously, the plaintiff corporation is not in a normal condition. It no longer exists *de facto* in Russia. We have held that the decrees of the Soviet government have not so destroyed the *de jure* existence of the Russian insurance companies that they are immune from suit in this State. But unquestionably, the Soviet government has accomplished a result, unlawful in the eyes of our government though it may be. It has, at least, sequestrated the property of the corporation in the sense that it has seized it for the use of the State. (Cent. Dict.) We say that this was not a legal act because the United States does not recognize the Soviet government. It was, however, an act done under color of governmental authority and it has the effect of preventing the further operation of the corporation in Russia and of preventing creditors, policyholders and stockholders from asserting their claims against it in Russia or in any country which recognizes the validity of the Soviet decrees.

The Insurance Law [Cons. Laws, ch. 28] (§ 63, subd. 4) provides that when a foreign corporation authorized to do business " and having assets in this state has been placed in the hands of a receiver or had its property sequestrated in its domiciliary state or country or in any other state or country, the superintendent may, the attorney-general representing him, apply to the supreme court or any justice

thereof in the judicial district in which such corporation has its principal office for the transaction of business in this state, for an order directing such corporation to show cause why the superintendent should not take possession of its property and conserve its assets for the benefit of its creditors, and for such other relief as the nature of the case and the interests of its policyholders, creditors, stockholders or the public may require.    *    *    * "

Without recognizing the Soviet decrees, we must recognize the resulting facts. It is as if the Soviet government had decreed the death of A and A had been executed. If he had been a citizen of New York we might say that he was murdered, but none the less we would proceed to administer his estate. We would deal with the fact and ignore the cause. So here, we have a corporation which has no property in its domiciliary country, because its property has been taken from it so far as the Soviet government could reach it. It is no longer able lawfully to care for its policyholders, creditors and stockholders in Russia. Its governing board is in exile. It cannot function normally. It may defend itself by pleading its non-existence in any forum where that plea is recognized and it will be immune from suit in New York when it withdraws from the jurisdiction. Shall its so-called agent have possession of its property in New York to deal with as he or the directors see fit, possibly without recognizing any of its obligations to its Russian creditors, policyholders or stockholders, or shall the Superintendent of Insurance conserve its assets for the benefit of such creditors, policyholders, and stockholders generally?

We are not recognizing the decrees of the Soviet government. Why should we recognize as the proper custodian of the funds in suit the mangled and exiled artificial person which now claims to exist under the laws of Russia, but which may, as soon as its agent receives the funds, assert its non-existence under the Soviet decrees as against stockholders, creditors and policyholders? The corporation is a mere simulacrum. If we regard facts

rather than legal technicalities, its funds now belong in equity to its policyholders, creditors and stockholders to be administered in liquidation proceedings under the Insurance Law (§ 63) or otherwise in accordance with the public policy of the State and the United States. In *James & Co.* v. *Second Russian Insurance Co.* (239 N. Y. 248, 255) CARDOZO, J., said: " The decree of the Russian Soviet government nationalizing its insurance companies has no effect in the United States *unless, it may be, to such extent as justice and public policy require ·that effect be given.* We so held in *Sokoloff* v. *National City Bank* (239 N. Y. 158). Justice and public policy do not require that the defendant now before us shall be pronounced immune from suit." See, also, " The Effect of Soviet Decrees in American Courts," 34 Yale Law Journal, 449, in which the author concludes as follows: " Under the precedents to which reference has been made non-recognition has certainly not been heretofore regarded as a sufficient reason for regarding as utterly void and of no legal effect the laws of an unrecognized government ruling by paramount force such as the Soviet *régime* in Russia is conceded to be."

The point has been reserved in this court. Justice and public policy do not require us to recognize the corporation as the proper administrator of its funds in this State. We should not lose sight of future consequences nor should the Russian companies, in their equivocal position of being corporations to enforce their claims and *nul tiel* corporations when sued, be dealt with too indulgently in our courts.

It may be urged that we have no concern with these questions so long as our own citizens are protected. But our policy was, by analogy at least, otherwise declared in *Matter of People (City Equitable Fire Ins. Co.)* (238 N. Y. 147, 156) where the court, through ANDREWS, J., said: " The Superintendent is not, therefore, to take possession of the property solely for the benefit of creditors or policyholders in this State or in the United States but for the interest of all its policyholders, creditors and stock-

holders wherever they may be.  He is to liquidate the business here for that purpose.''

HISCOCK, Ch. J., CARDOZO, CRANE and LEHMAN, JJ., concur in *per curiam* opinion; POUND, J., reads dissenting opinion; MCLAUGHLIN and ANDREWS, JJ., not sitting.

Judgment affirmed, without costs.