Allen, J.
 

 In this case an alien receiver is asking that the Attorney General be compelled
 
 *508
 
 by mandamus to institute an action under Section 641 of the General Code; the ultimate prayer of the petition being for distribution of the fund in the custody of the state treasurer. That is, the alien receiver wishes an action brought so that he may lay claim to the balance which may be left of the sum deposited with the superintendent of insurance for the benefit of all of the policyholders of the company doing business within this state, after payment of creditors and policyholders. The deposit in question was made under the terms of Section 9565, General Code, which reads:
 

 “A company incorporated by or organized under the laws of a foreign government, shall deposit with the superintendent of insurance, for the benefit and security of its policyholders residing in the United States, a sum not less than one hundred thousand dollars in stocks or bonds of the United States, the state of Ohio or a municipality or county thereof, which shall not be received by the superintendent at a rate above their par value. Stocks and securities so deposited may be exchanged from time to time for other like securities. So long as the company so depositing continues solvent and complies with the laws of the state, the superintendent shall permit it to' collect the interest or dividends on such deposits.”
 

 The action sought on behalf of the receiver Haavind is demanded under the provisions of Section 641, General Code, which reads:
 

 “If any company, corporation, or association required by law to make a deposit with the superintendent of insurance or other state officer, to secure
 
 *509
 
 the contracts of such company, corporation, or association, or for any other purpose, fails to pay any of its liabilities upon such contracts, or other obligations, according to the terms thereof after the liability thereon has been determined, or if such company, corporation, or association, having ceased to do business within this state, leaves unpaid any such liability or has become insolvent, the attorney general of the state, on behalf of the superintendent of insurance, or such other officer, and upon the application of any person entitled to participate in such deposit, or the proceeds arising therefrom, shall commence a. civil action in the court of common pleas of Franklin county, making the company, corporation, or association, a party defendant, to determine the rights of all parties claiming any interest in such deposit, to subject the deposit to the payment or satisfaction of all liabilities and to distribute such fund among the persons entitled thereto.”
 

 We are of the opinion that the action cannot be maintained, first, because the standing in Ohio courts of a receiver appointed by a court in a foreign country depends upon comity only, and judicial comity does not require Ohio courts to recognize an alien receiver applying under Section 641, General Code, for distribution of a fund which is held in this state for the benefit and security of the policyholders of a foreign insurance corporation doing business within this state. We also make this holding for the reason that a writ of mandamus will not issue to compel the Attorney General of the state of Ohio to bring an action under Section 641, General Code, until after some
 
 *510
 
 person entitled to participate in the deposit in question, or the proceeds arising therefrom, has applied to the Attorney General for the commencement of a civil action under such statute, and the receiver is not within the purview of the statute a person entitled to participate in the deposit.
 

 At the outset the question arises whether the receiver can maintain this action, since he derives his title to the assets and property of the corporation which he claims to represent only from an appointment in a foreign country. It is the general rule that as a matter of strict right the courts of a state of the United States are not bound to recognize a receiver appointed in a foreign country. High on Receivers (4th Ed.), Section 47.
 

 This is so because the laws of a state, generally speaking, have no force beyond the state’s territorial limits.
 

 The decree of the alien courts transfers to the alien receiver no title to the property in this state superior to the lien of domestic policyholders and creditors, and hence, within this state, he is not as a matter of right recognized as a proper or necessary party in this suit. Thus in
 
 Booth
 
 v.
 
 ClarK, 17
 
 How., 322, 15 L. Ed., 164, the court said:
 

 “We think that a receiver could not be admitted to the comity extended to judgment creditors, without an entire departure from chancery proceedings, as to the manner of his appointment, the securities which are taken from him for the performance of his duties, and the direction which the court had over him in the collection of the estate of the debtor, and the application and distribution of them. If he seeks to be recognized in another
 
 *511
 
 jurisdiction, it is to take the fund there out of it, without such court having any control of his subsequent action in respect to it, and without his having even official power to give security to the court, the aid of which he seeks, for his faithful conduct and official accountability. All that could be done upon such an application from a receiver, according to chancery practice, would be to transfer him from the locality of his appointment to that where he asks to be recognized, for the execution of his trust in the last, under the coercive ability of that court; and that it would be difficult to do, where it may be asked to be done, without the court exercising its province to determine whether the suitor, or another person within its jurisdiction, was the proper person to act as receiver.”
 

 See, also,
 
 Hale
 
 v.
 
 Allinson,
 
 188 U. S., 56, 23 S. Ct., 244, 47 L. Ed., 380, and
 
 Great Western Mining & Mfg. Co.
 
 v.
 
 Harris,
 
 198 U. S., 561, 25 S. Ct., 770, 49 L. Ed., 1163. In the latter case Mr. Justice Day, speaking for the court, said, at page 576 (25 S. Ct., 774):
 

 “It will thus be seen that the decision in
 
 Booth
 
 v.
 
 Clark,
 
 [17 How., 322, 15 L. Ed., 164], rests upon the principle that the receiver’s right to sue in a foreign jurisdiction is not recognized upon principles of comity, and the court of his appointment can clothe him with no power to exercise his official duties beyond its jurisdiction. The ground of this conclusion is that every jurisdiction, in which it is sought by means of a receiver to subject property to the control of the court, has the right and power to determine for itself who the receiver shall be, and to make such distribution
 
 *512
 
 of the funds realized within its own jurisdiction as will protect the rights of local parties interested therein, and not permit a foreign court to prejudice the rights of local creditors by removing assets from the local jurisdiction without an order of the court or its approval as to the officer who shall act in the holding and distribution of the property recovered.”
 

 In
 
 Frowert
 
 v.
 
 Blank,
 
 205 Pa., 299, 54 A., 1000, it was held:
 

 “Until the assets of an insolvent corporation have been taken possession of by a receiver appointed by the court of the domicile of the corporation and while they are still within the state of Pennsylvania, a foreign receiver, by virtue of his appointment, is not in a position to assert his control over the assets, nor to exercise any authority over them as against domestic creditors.
 

 “The Pennsylvania holders of matured death certificates of a foreign insolvent beneficial association are entitled to payment out’ of a fund belonging to the association in Pennsylvania, and in the hands of an ancillary receiver in the state, before the fund or any part of it is handed over to a receiver of the association appointed in the state of its domicile. Such holders are business creditors of the association, and not merely representatives of deceased members.”
 

 In
 
 Schloss
 
 v.
 
 Metropolitan Surety Co.,
 
 149 Iowa, 382, 128 N. W., 384, the court held that the claim of a foreign receiver of a foreign corporation to funds of the corporation found in Iowa will not be recognized, even by way of comity, where the result relegates Iowa creditors to the
 
 *513
 
 foreign jurisdiction for the relief to which they are entitled, when there are funds of the corporation in Iowa from which their claim may be settled.
 

 Another decision to the same effect is found in
 
 VoightmAm & Co.
 
 v.
 
 Southern Ry. Co.,
 
 123 Tenn., 452, 131 S. W., 982, Ann. Cas., 1912C, 211. This case decided that “the local state assets of a foreign corporation doing business in this state become, upon the date of its ceasing to do business in the state because of insolvency, a trust fund for its creditors, and the court will not inquire into its property and contract rights in other states.”
 

 However, as a matter of comity the courts of one state may recognize and enforce the acts of a receiver appointed in another state when no detriment is thereby caused to the citizens of the state in which the functions of the alien receiver are asserted. The modern cases in general hold that the right of a foreign receiver to sue will be restricted only so far as necessary to protect the conflicting rights of particular creditors, and that it will not be so restricted when the denial of his right to sue will benefit no one but parties whose liability to the receiver’s estate is a matter for adjudication. However, the receiver of a debtor company, appointed in a foreign state, will not be allowed to deprive citizens of this state, who are creditors of the debtor company, of their rights against the property of the debtor, and the courts protect the lien acquired by their own citizens in preference to the right asserted by the foreign receiver. High on Receivers (4th Ed.), Section 47, p. 67, note 31, and a host of cases cited. To
 
 *514
 
 the same effect are the extensive notes to be found in 23 L. R. A., p. 54, and 4 L. R. A., (N. 8.), p. 824.
 

 It is claimed that, since the receiver Haavind has statutory powers not bestowed upon a receiver appointed by a court of equity, the above authorities do not apply. The statute under which Haavind’s appointment was made is not before us, and hence it is impossible to judge what is the exact nature of his power. The alien receiver is, of course, entitled to claim any balance left over after the payment of all valid claims of policyholders and creditors. However, the statutory nature of his appointment does not vest in him any property right or lien upon property situated in the state of Ohio superior to the lien of domestic policyholders upon the funds deposited for their benefit and security. This is the underlying purpose of Section 9565, General Code.
 

 Moreover, this is the specific holding in
 
 Carpinter & Baker
 
 v.
 
 City Equitable Fire Ins. Co., Ltd.,
 
 238 N. Y., 147, 144 N. E., 484, decided in the New York Court of Appeals in 1924, which is one of the cases strongly relied upon by counsel for the receiver herein. This is a case dealing with the powers of a statutory liquidator appointed in England, who, for the purpose of this suit, stands in the precise position of the alien receiver. The first two paragraphs of the syllabus in this case, (238 N. Y., 147, 144 N. E., 484), read as follows:
 

 “1. Orders and decrees of court of foreign country have no force or effect in New York.
 

 “2.
 
 The appointment, by an English court of a statutory liquidator of an English corporation
 
 *515
 
 does not vest in him any property right or lien upon that corporation’s property in New York which may be asserted adversely to any creditor properly invoking jurisdiction of our courts and acquiring lien upon such property by attachment or judgment.”
 

 In other words, whatever standing the receiver has here arises, not from strict right, but from judicial comity. Obviously judicial comity will be exercised less freely between this state and a foreign country than between this state and other states of the United States. We are of the opinion that it is not a proper case for the exercise of judicial comity where a receiver appointed in an alien jurisdiction is attempting through the extraordinary writ of mandamus to secure a distribution of funds deposited in this state for the express security of policyholders of the foreign insurance company, no policyholder, nor creditor, having applied to the Attorney General under Section 641, General Code, to bring an action for distribution. The deposit was taken out of the funds of the company in question and sequestered, not for its benefit, but for the benefit of those who might have claims against it in this state and country. The alien receiver has no standing here until he shows that all claims of domestic creditors and policyholders have been discharged. When the parties for whose express benefit the fund was created do not seek this action, it seems an unwarranted exercise of judicial comity, and an unwarranted use of the discretionary writ, to force policy holders and creditors into court upon the application of one who comes here not of right.
 

 
 *516
 
 While it is true that under Section 641, General Code, the receiver would not himself be invested with the right to control the funds which would be administered in Ohio and under the Ohio statute, it is also true that the receiver has to be a party-in interest in order to set the statutory machinery in motion. Otherwise he cannot bring the suit even if he is applying to have the fund distributed under Ohio control.
 

 Now the statute particularly designates the Attorney General and superintendent of insurance as the proper persons to begin the action, and specifies the persons at whose application the proceedings shall be instituted.
 

 Section 641, General Code, provides that the “Attorney General of the state, on behalf of the superintendent of insurance, or such other officer, and upon the application of any person entitled to participate in such deposit, or the proceeds arising therefrom, shall commence a civil action,” etc., which is the relief prayed for here.
 

 Is the receiver a person entitled to participáte in the deposit or the proceeds arising therefrom?
 

 If, after the payment of all valid claims of domestic policyholders and creditors, a balance is left over and above the deposit in this state, then undoubtedly the alien receiver will be entitled to claim that balance. But until the claims of domestic policyholders and creditors have been fully met, the alien receiver has no right to participate in the deposit. It is only the balance of the deposit to which he is entitled, and, if there is no balance, he receives nothing, and is entitled to nothing. .Therefore the Attorney General is not required at
 
 *517
 
 this time to commence the civil action requested, and the writ of mandamus will be denied.
 

 Writ denied.
 

 Marshall, 0. J., Day, Kinkade and Robinson, JJ., concur.