Allen, J.
 

 The alien liquidator, Burgess, is in precisely the same situation, so far as the petitions show, as was the alien receiver Haavind in the case of
 
 State ex rel. Haavind,
 
 v.
 
 Crabbe, Atty. Genl., ante,
 
 504, 151 N. E., 755, this day decided, to which decision we refer for reasoning and authority. The record contains the English statute,, under which Burgess was appointed, from which it is
 
 *521
 
 evident that the liquidator has broad statutory-powers. However, the appointment by the English courts of a statutory liquidator does not vest in bim any property right, or lien upon the corporation’s property in the state of Ohio, superior to the lien of domestic policyholders and creditors.
 
 Carpinter & Baker
 
 v.
 
 City Equitable Fire Ins. Co., Ltd.,
 
 238 N. Y., 147, 144 N. E., 484. That being the case, whatever standing Burgess has here depends upon comity only. As a matter of strict right the courts of this state are not bound to recognize an alien liquidator. While upon considerations of judicial comity the courts of this state may recognize a liquidator appointed in another country, judicial comity does not require Ohio courts to recognize an alien liquidator applying under Section 641, General Code, for distribution of a fund which is held in this state for the benefit and security of policy holders of a foreign insurance corporation doing business within this state, no policy holder, nor creditor, having applied to the Attorney General to bring an action for distribution under Section 641, General Code.
 

 The instant case differs from the
 
 Haavind case
 
 in the fact that the record shows that some 98 Ohio individuals and corporations who hold insurance in different insurance companies have had their risks reinsured in the City Equitable Company, and that the aggregate amount of the risks thus reinsured is over $110,000; namely, more than the face amount of the bond held as security. Until these claims have been purchased or matured, any distribution in the liquidation proceeding, if instituted, must be held in abeyance. Hence to
 
 *522
 
 grant this right until such time as' the liabilities in question have matured or been canceled by the act of the parties would be futile. This fact makes it unnecessary to consider the effect of the assignment executed to' Burgess by himself, as liquidator, of the property of the City Equitable Company.
 

 The writ of mandamus is a high, prerogative writ, which does not lie if performance of the act prayed for is impossible. The writ, therefore, will be denied.
 

 Writ denied.
 

 Marshall, C. J., Day, Kinkade and Robinson, JJ., concur.