In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by FRANCIS R. STODDARD, JR., as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Conserve the Assets of NORSKE LLOYD INSURANCE COMPANY, LTD.

THOR HAAVIND, Norwegian Receiver of the NORSKE LLOYD INSURANCE COMPANY, LTD., and Others, Appellants; SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK and Others, Respondents.

First Department, February 3, 1928.

Insurance — liquidation of foreign insurance company — residents or citizens holding policies issued by agencies of company doing business in United States to be paid in full — after payment balance of local assets to be remitted to foreign liquidator — claimants not entitled to interest during winding up period.

A foreign insurance company went into insolvency liquidation in the country of its origin and our State Superintendent of Insurance, acting under section 63 of the Insurance Law, took possession of all assets in the United States. Under a decision of the Court of Appeals all policies issued to residents or citizens by agencies of said insurance company doing business in the United States must be paid in full and the balance remitted to the foreign liquidator. All claims arise out of insurance contracts and after payment as stated there will be a large balance to remit to the foreign liquidator.

The claimants in the class mentioned are not entitled to interest on their claims during the winding-up period.

MARTIN and O'MALLEY, JJ., dissent, with memorandum.

APPEAL by Thor Haavind and others from two orders of the Supreme Court, entered in the office of the clerk of the county of New York on the 21st day of September, 1927, and on the 7th day of October, 1927, respectively.

*William H. Hotchkiss*, for the appellants British and Foreign Insurance Company, Ltd., and other class II creditors:

*Charles E. Hughes* of counsel [*Clarence B. Smith* and *Wendell P. Barker* with him on the brief; *Haight, Smith, Griffin & Deming* and *Bonynge & Barker*, attorneys], for the appellants, the Norwegian receiver and the British liquidator.

*Irving Mariash* of counsel [*Willard U. Taylor* with him on the brief; *MacFarland, Taylor & Costello,* attorneys], for the American Exchange National Bank and other American creditors, appellants.

*Clarence C. Fowler,* for the respondent Superintendent of Insurance of New York.

*Louis J. Wolff* of counsel [*David Rumsey* with him on the brief; *Rumsey & Morgan,* attorneys], for the respondents class I claimants.

*M. P. Detels* of counsel [*C. W. Harvey* with him on the brief; *Bigham, Englar & Jones,* attorneys], for the respondents Fireman's Fund Insurance Company and other claimants similarly situated.

FINCH, J. Should interest be allowed in insolvency proceedings in addition to payment in full upon the proven claims of those whose policies were issued by the United States branch of a foreign insurance company prior to remitting the balance to the domiciliary receiver in Norway, is the question presented by this appeal. The court at Special Term allowed interest upon the ground that the United States branch was a separate entity and that interest was part of the debt.

Such facts, in brief, as are necessary to an understanding of the reasons for the decision follow. In 1916 the Norske Lloyd Insurance Company, Ltd., a Norwegian company, was authorized to do business in the State of New York. In 1922 the parent company became insolvent and insolvency liquidation was commenced in Norway, a domiciliary receiver there appointed and a liquidator in England. Pursuant to section 63 of the Insurance Law,* the Superintendent of Insurance of the State of New York, as ancillary receiver, on the 3d day of May, 1922, took possession of all of the company's assets in the United States, including a deposit of securities made with him and also with the Guaranty Trust Company under deeds of trust, and certain securities deposited in trust with the authorities of the State of Ohio, to pay the creditors of the American branch and remit the balance to the Norwegian receiver. The Superintendent of Insurance, in his report, divided the creditors into three classes: *First,* upon policies issued to residents or citizens by agencies of said insurance company doing business in the United States; *second,* upon policies issued by said insurance company outside of the United States to persons residing within the United States, and *third,* upon policies issued to non-residents of the United States by foreign agencies of the insurance company. In *Matter of People* [*Norske Lloyd Ins. Co.*] (242 N. Y.

* Added by Laws of 1909, chap. 300, as amd. by Laws of 1912, chap. 217; Laws of 1913, chap. 29; Laws of 1918, chap. 119, and Laws of 1922, chap. 69.— [REP.

148) Chief Judge HISCOCK, speaking for a unanimous court, held that the New York liquidator should pay the claims of the first class out of the assets in his hands and remit the balance, less expenses, to the Norwegian liquidator. It appears that the liquidator will have a fund sufficient to pay interest in full upon all the claims in class I and still remit upwards of one million dollars to the foreign liquidator. Furthermore, the remaining assets of this defunct corporation, including any balance sent from the United States, will be only sufficient to pay about thirty-six per cent of the face amount of other claims to the other creditors. All claims of creditors, both here and abroad, have a similar inception, namely, arising out of contracts of insurance.

Applicable to these facts are certain fundamental principles which are well settled. In the first place, we are not dealing with rights as between the creditors and the corporation, but with an equitable distribution of the assets of an insolvent corporation as between different classes of creditors. Furthermore, when once these assets have come into the hands of the liquidator in New York, no creditor may thereafter obtain a specific lien through attachment. (*Matter of People* [*City Eq. Fire Ins. Co.*], 238 N. Y. 147.) It has furthermore been finally established in the case at bar that these creditors in class I and no others are entitled to be paid 100 per cent of their claims, and that other creditors are to be remitted, upon proper safeguards, to the domiciliary receiver in Norway. (*Matter of People* [*Norske Lloyd Ins. Co.*], 242 N. Y. 148.) This preference given to class I creditors is a statutory preference. (Ins. Law, §§ 27, 28, as added by Laws of 1919, chap. 382.) The wording of this statute is in most general terms. In consequence we should not hold that the underlying principles of equitable distribution of the assets of an insolvent corporation are to be disregarded unless in conflict with the general terms of the statute. Obviously the principle that equality is equity applies unless in conflict with the terms of the statute. (*People* v. *American Loan & Trust Co.*, 172 N. Y. 371.) Were it not for the statute, all the assets should have been forwarded to the domiciliary receiver. Those who have dealt with the American branch should not be in a better position in this receivership than in a receivership involving creditors whose claims arise in different States of the United States or between different classes of creditors in this State. In either case no interest in addition to payment in full would be allowed to the first class as against subsequent classes. It follows that class I creditors hould not receive, as against the other classes of creditors, interest, during the time it has taken to wind up the company. To allow

interest to our citizens who did business with the American branch is to discriminate not only against other creditors, but also against our own citizens who have done business with the foreign branch. Our conclusion is further fortified by considering that the capital of the parent company originally supplied the capital necessary to start the United States branch. While for certain purposes the American branch may be considered as if an entity in itself, the fact remains that it is not, and to so hold in a situation similar to the case at bar, except in so far as the wording of the statute requires (Ins. Law, §§ 27, 28, *supra*), would be taking the assets of the parent company away from the latter's creditors without consideration.

It follows that the orders appealed from should be reversed, with ten dollars costs and disbursements, the motion to confirm the report of the referee and for the allowance of interest on class I claims denied, and the motion to set aside said report granted.

DOWLING, P. J., and McAVOY, J., concur; MARTIN and O'MALLEY, JJ., dissent.

MARTIN, J. (dissenting). The fund out of which the class I creditors are to be paid was established by statute for their protection.

We believe those creditors are entitled to payment in full, which means with interest. The purpose of requiring security was to protect these policyholders or creditors and they will not be fully protected or paid in full unless they receive interest.

This is especially true when we consider that the fund to which the class I creditors are entitled, and which the statute required be kept on deposit for their protection, has earned interest by its use during the period of delay, which interest now belongs to said creditors.

The orders should, therefore, be affirmed.

O'MALLEY, J., concurs.

Orders reversed, with ten dollars costs and disbursements, the motion to confirm the report of the referee and for the allowance of interest on class I claims denied, and the motion to set aside said report granted.